**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| WINDY CITY MOVING, INC., d/b/a as ) <br> NEW CITY MOVING, an Illinois domestic ) <br> business corporation, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> NEW CITY MOVING USA, L.L.C., ) <br> a foreign limited liability company ) <br> ) <br> ) <br> Defendant. ) | Case No.: <br><br> Judge: |

## COMPLAINT

Plaintiff, WINDY CITY MOVING, INC., d/b/a as NEW CITY MOVING, an Illinois domestic business corporation, ("Plaintiff" or "New City Moving"), by and through its attorneys, COLE SADKIN, LLC, for its Complaint against Defendant, NEW CITY MOVING USA, L.L.C. d/b/a NEW CITY MOVING LLC, a foreign limited liability company, ("Defendant"), states as follows:

### NATURE OF THE CASE

1. This is an action for damages and injunctive relief arising out of Defendant's unauthorized and improper use of common law trademark associated with New City Moving and the registered domain name www.newcitymovingusa.com. New City Moving brings these claims the claims enumerated more fully herein for trademark infringement, false designation of origin, dilution, deceptive business practices and unfair competition against Defendant.

2. New City Moving brings this lawsuit to recover compensatory damages

1

resulting from this trademark infringement, in addition to statutory damages. New City Moving also requires injunctive relief, in the form of an immediate halt of Defendant's infringement, along with an accounting of Defendant's actions to determine further appropriate relief, if necessary.

## PARTIES

3. New City Moving, (the "Trademark Owner"), is an Illinois domestic business corporation with its principal place of business located at 2929 North Campbell Avenue, Chicago, Illinois 60618.

4. New City Moving USA, L.L.C. is a Texas foreign business corporation, transacting business in the State of Illinois with its principal place of business located at 7000 N. Mopac Expressway, Austin, TX 78731 and its registered agent located at 10601 Clarence Dr., Suite 250, Frisco, TX 75033.

## JURISDICTION AND VENUE

5. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 1338 because New City Moving's claims for violation of the United States Trademark Act, Title 15 of the United States Code, arise under federal law.

6. This Court also has jurisdiction of this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different States and the amount in controversy exceeds seventy-five thousand dollars ($75,000) exclusive of interest and costs.

7. Additionally, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over New City Moving's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

8. Defendant is subject to the personal jurisdiction of this Court because they are advertising and doing business in the State of Illinois.

**ALLEGATIONS RELATING TO ALL COUNTS**

9. New City Moving is a company, which has operated successfully in the industry for over ten (10) years.

10. It is the number one independent mover in the Midwest by way of revenue, Google and Yelp reviews, and quantity and quality of moves.

11. New City Moving operates seventy-nine (79) trucks and employs over two hundred (200) employees for local, long distance, and storage services across the country.

12. The owner of New City Moving, ("Owner"), takes an unorthodox approach with his company –which has contributed to its success.

13. Contrary to many other owners and presidents of companies its size, the Owner remains directly involved with operations on a day-to-day basis. This includes taking an active role in marketing, company growth initiatives, hiring and staffing, sales management, reputation management, and new product development on a consistent basis.

Trademark Ownership of "New City Moving"

14. At all relevant times, common law trademark associated with "New City" Moving and the registered domain name newcitymovers.com (collectively referred to as the "New City Moving Mark").

15. As a result of the high quality of New City Moving's services, sales, promotion and advertising, the New City Moving Mark has become an intrinsic and essential part of the valuable goodwill and property of New City Moving.

16. The New City Moving Mark is well known and established to customers and the trade as symbols identifying and distinguishing New City Moving's services.

17. From January 2020 through the date of this filing, New City Moving has spent countless hours (approximately twenty-five (25) per week) helping concerned and frustrated clients (collectively, the "Confused Public"). The Confused Public will call New City Moving and write negative reviews despite previously engaging only with Defendants.

18. Specifically, New City Moving has spoken to over thirty (30) consumers who have inadvertently confused New City Moving with Defendant and who have written negative reviews on different social media channels implicating New City Moving with poor service and other concerning issues.

19. The Confused Public has complained about prices doubling and tripling, delivery times taking in excess of thirty (30) days longer than estimated delivery, the use of child labor on moves, holding shipments hostage, and deposits being taken without movers ever showing up.

20. In addition to time communicating with disgruntled consumers, New City Moving has expended a significant amount of time removing inaccurate reviews from New City Moving's social media. These faulty reviews are seen by approximately ten thousand (10,000) people per month based on the number of unique visitors to our website.

New City Moving Attempts to Disqualify Defendants

21. Ninety percent (90%) of New City Moving's clients prequalify with them online and through numerous channels. The confusion Defendant is creating in the

marketplace is detrimentally affecting New City Moving's business and ability to provide services to new clients.

22. New City Moving now finds itself explaining (numerous times per day) that they are not affiliated with the faulty reviews resulting from Defendant's conduct.

23. Of late, the time this has taken the New City Moving to address the issues caused by Defendant's conduct has interfered with the time it needs to spend on business development initiatives resultant to the COVID-19 pandemic – which has proven to be detrimental to New City Moving's marketing endeavors, hiring, and staffing.

## COUNT I

### FEDERAL TRADEMARK INFRINGEMENT
### Section 32 of the Lanham Act, 15 U.S.C. § 1114

24. New City Moving realleges and incorporates by reference paragraphs 1 through 23 of this Complaint as paragraph 24 herein.

25. Defendant's unauthorized use of a certain federally registered mark owned by New City Moving in interstate commerce in connection with the sale, offering for sale, distribution and advertising of its goods and services has caused, and is likely to cause, confusion, mistake and deception in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

26. Defendants' use of the New City Moving Mark in connection with the aforementioned infringing activities constitutes a misappropriation of New City Moving's distinguishing and identifying federally registered trademark that was created as a result of significant effort and expense by New City Moving over a long period of time.

5

27. Defendant's use of the New City Moving Mark evokes an immediate, favorable impression or association and constitutes a false representation that Defendant has some connection, association or affiliation with New City Moving, and is likely to mislead the trade and public into believing that Defendant's services originate from, are affiliated with or are sponsored, authorized, approved or sanctioned by New City Moving.

28. As a direct and proximate result of Defendant's infringing activities and unauthorized use of the New City Moving Mark, New City Moving has suffered irreparable damage to its business, reputation and goodwill.

29. New City Moving is without an adequate remedy at law to redress such acts and will be irreparably damaged unless Defendant is enjoined from committing and continuing to commit such acts.

30. Defendant's use of the New City Moving Mark is willful, intentional, and egregious and makes this an exceptional case pursuant to 15 U.S.C. § 1117.

WHEREFORE, New City Moving requests that relief be granted in its favor and against Defendants for:

(a) all damages sustained by New City Moving, including Defendant's profits, in an amount to be determined at trial, such damages to be trebled pursuant to 15 U.S.C. § 1117;

(b) attorneys' fees and costs of this action, plus interest;

(c) a permanent injunction requiring Defendant to refrain from any use of the New City Moving Mark or any confusingly similar mark;

(d) immediate transfer of domain name www.newcitymovingusa.com to New

City Moving at no cost to New City Moving;

(e) Defendant to cease and desist from using the New City Moving Mark or any confusingly similar mark using the names: New City Moving USA, New City Movers, New City Moving, New City Moves, New City Moving & Storage, and any other iteration or combination of the words "New" and "City" in connection with any other moving company now in existence or that they attempt to establish in the future;

(f) disconnection of all Defendant' business related phone numbers and entry of an order transferring said phone numbers to New City Moving at no cost to New City Moving; and

(g) such other relief as the Court deems just and proper.

## COUNT II

**FALSE DESIGNATION OF ORIGIN**
**Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

31. New City Moving realleges and incorporates by reference paragraphs l through 23 of this Complaint as paragraph 31 herein.

32. Defendant's unauthorized use in interstate commerce of the New City Moving Mark in connection with the sale, offering for sale, distribution and advertising of its services is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant with New City Moving or as to the origin, sponsorship or approval of Defendant's services by New City Moving.

33. Defendant's false statements actually deceived or have the tendency to

7

deceive the consuming public, who believe they are purchasing a service –namely the those of New City Moving. Defendant's false and misleading statements are material and likely to influence the purchasing decision of actual and prospective purchasers of New City Moving's services.

34. As a direct and proximate result of Defendant's actions, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §l 125(a), New City Moving has suffered irreparable damage to its business, reputation and goodwill.

35. New City Moving is without an adequate remedy at law to redress such acts and will be irreparably damaged unless Defendant is enjoined from committing and continuing to commit such acts.

36. Defendant's conduct is willful, intentional, and egregious and makes this an exceptional case pursuant to 15 U.S.C. § 1117.

WHEREFORE, New City Moving requests that relief be granted in its favor and against Defendants for:

(a) all damages sustained by New City Moving, including Defendant's profits, in an amount to be determined at trial, such damages to be trebled pursuant to 15 U.S.C. § 1117;

(b) attorneys' fees and costs of this action, plus interest;

(c) a permanent injunction requiring Defendant to refrain from any use of the New City Moving Mark or any confusingly similar mark;

(d) immediate transfer of domain name: www.newcitymovingusa.com to New City Moving at no cost to New City Moving;

(e) Defendant to cease and desist from using the New City Moving Mark or any confusingly similar mark using the names: New City Moving USA, New City Movers, New City Moving, New City Moves, New City Moving & Storage, and any other iteration or combination of the words "New" and "City" in connection with any other moving company now in existence or that they attempt to establish in the future;

(f) disconnection of all Defendant's business related phone numbers and entry of an order transferring said phone numbers to New City Moving at no cost to New City Moving; and

(g) such other relief as the Court deems just and proper.

## COUNT III

**FALSE ADVERTISING**
**Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

37. New City Moving realleges and incorporates by reference paragraphs 1 through 23 of this Complaint as paragraph 37 herein.

38. Defendant's unauthorized use of the New City Moving Mark, in its advertising, is a false or misleading representation of fact that falsely represents or implies that Defendant's services are authorized by, licensed by or otherwise affiliated with New City Moving.

39. Defendant's unauthorized use of the New City Moving Mark: (a) is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant with New City Moving, or as to the origin, sponsorship or approval of

9

Defendant's goods with products and services offered by New City Moving in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(l)(A); or (b) misrepresent the nature, characteristics, or qualities of Defendant's services or commercial activities in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(l)(B).

45. Defendant's advertising and promotion deceives or has the capacity to deceive consumers. The deception and misrepresentations have had a material effect on the purchasing decisions and affect interstate commerce.

46. As a direct and proximate result of Defendant's actions, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), New City Moving has suffered irreparable damage to its business, reputation and goodwill.

47. New City Moving is without an adequate remedy at law to redress such acts and will be irreparably damaged unless Defendant is enjoined from committing and continuing to commit such acts.

WHEREFORE, New City Moving requests that relief be granted in its favor and against Defendants for:

(a) all damages sustained by New City Moving, including Defendant's profits, in an amount to be determined at trial, such damages to be trebled pursuant to 15 U.S.C. § 1117;

(b) attorneys' fees and costs of this action, plus interest;

(c) a permanent injunction requiring Defendant to refrain from any use of the New City Moving Mark or any confusingly similar mark;

(d) immediate transfer of domain name: www.newcitymovingusa.com to New

City Moving at no cost to New City Moving;

(e) Defendant to cease and desist from using the New City Moving Mark or any confusingly similar mark using the names: New City Moving USA, New City Movers, New City Moving, New City Moves, New City Moving & Storage, and any other iteration or combination of the words "New" and "City" in connection with any other moving company now in existence or that they attempt to establish in the future;

(f) disconnection of all Defendant's business related phone numbers and entry of an order transferring said phone numbers to New City Moving at no cost to New City Moving; and

(g) such other relief as the Court deems just and proper.

## COUNT IV

### DILUTION
### Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)

48. New City Moving realleges and incorporates by reference paragraphs 1 through 23 of this Complaint as paragraph 48 herein.

49. The New City Moving Mark is famous marks within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

50. Defendant's unauthorized use of the New City Moving Mark in connection with the advertisement of its goods and services has caused or is likely to cause dilution by the blurring or tarnishment of the New City Moving's mark.

51. Defendant's willfully intended to trade on the recognition of the famous New City Moving Mark.

52. As a direct and proximate result of Defendant's actions, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §l 125(c), New City Moving has suffered irreparable damage to its business, reputation and goodwill.

53. Defendants are without an adequate remedy at law to redress such acts and will be irreparably damaged unless Defendant is enjoined from committing and continuing to commit such acts.

54. Defendant's conduct is willful, intentional, and egregious and makes this an exceptional case pursuant to 15 U.S.C. § 1117.

WHEREFORE, New City Moving requests that relief be granted in its favor and against Defendants for:

(a) all damages sustained by New City Moving, including Defendant's profits, in an amount to be determined at trial, such damages to be trebled pursuant to 15 U.S.C. § 1117;

(b) attorneys' fees and costs of this action, plus interest;

(c) a permanent injunction requiring Defendant to refrain from any use of the New City Moving Mark or any confusingly similar mark;

(d) immediate transfer of domain name: www.newcitymovingusa.com to New City Moving at no cost to New City Moving;

(e) Defendant to cease and desist from using the New City Moving Mark or any confusingly similar mark using the names: New City Moving USA, New City Movers, New City Moving, New City Moves, New City Moving & Storage, and any other iteration or combination of the words "New" and "City" in

      connection with any other moving company now in existence or that they attempt to establish in the future;

  (f)  disconnection of all Defendant's business related phone numbers and entry of an order transferring said phone numbers to New City Moving at no cost to New City Moving; and

  (g)  such other relief as the Court deems just and proper.

## COUNT V

### ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES
### 815 ILCS 510 *et seq.*

55.    New City Moving realleges and incorporates by reference paragraphs 1 through 23 of this Complaint as paragraph 55 herein.

56.    Defendant misrepresents to the public that they are authorized to sell legitimate and authentic New City Moving services.

57.    Defendant has used and are using the New City Moving Mark in connection with the sale, offering for sale, distribution and advertising of its services in such a manner as to misrepresent the source, sponsorship, approval, and certification of its services, which are substantially similar to those offered by New City Moving.

58.    The use of the New City Moving Mark by Defendant creates an unreasonable risk that present and potential consumers may falsely conclude that there exists some affiliation, connection, or association between and among New City Moving and Defendant, when none in fact exists.

59.    Defendant's acts have damaged, impaired, and diluted that part of New City Moving's goodwill and good name symbolized by the New City Moving Mark, which have

developed great fame in the marketplace. The nature, probable tendency, and effect of Defendant's use of the New City Moving's mark is to deceive the public.

60. Defendant's use of the New City Moving Mark in connection with the sale, offering for sale, distribution and advertising of its services constitutes unfair competition as prohibited by the Illinois Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*

61. Defendant had actual knowledge of New City Moving's rights at the time they decided to use the New City Moving Mark in connection with the sale, offering for sale, distribution and advertising of its services. Thus, Defendant willfully and deliberately infringed New City Moving's trademark rights.

62. Defendant's unfair business practices are of a recurring nature and harmful to the consumers and the public at large, as well as to New City Moving. These practices constitute unlawful, unfair, fraudulent, and deceptive business practices, and unfair, deceptive, untrue and misleading advertising.

63. As a result of Defendant's acts, New City Moving has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial. Unless enjoined by this Court, Defendant will continue these acts, thereby causing New City Moving further immediate and irreparable damage.

WHEREFORE, New City Moving requests that relief be granted in its favor and against Defendant for:

(a) all damages sustained by New City Moving, including Defendant's profits, in an amount to be determined at trial;

(b) punitive damages;

(c) attorneys' fees and costs of this action, plus interest;

(d) a permanent injunction requiring Defendant to refrain from any use of the New City Moving Mark or any confusingly similar mark;

(e) immediate transfer of domain name: www.newcitymovingusa.com to New City Moving at no cost to New City Moving;

(f) Defendant to cease and desist from using the New City Moving Mark or any confusingly similar mark using the names: New City Moving USA, New City Movers, New City Moving, New City Moves, New City Moving & Storage, and any other iteration or combination of the words "New" and "City" in connection with any other moving company now in existence or that they attempt to establish in the future;

(g) disconnection of all Defendant's business related phone numbers and entry of an order transferring said phone numbers to New City Moving at no cost to New City Moving; and

(h) such other relief as the Court deems just and proper.

## COUNT VI

**ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES
815 ILCS 505 *et seq.***

64. New City Moving realleges and incorporates by reference paragraphs 1 through 23 of this Complaint as paragraph 64 herein.

65. Defendant misrepresents to the public that they are authorized to sell legitimate New City Moving's services.

66. Defendant has used and are using the New City Moving Mark in connection with the sale, offering for sale, distribution and advertising of its and services in commerce in such a manner as to misrepresent the source, sponsorship, approval, and certification of its products and services, which are substantially similar to those offered by New City Moving.

67. Defendant had actual knowledge of New City Moving's rights at the time it decided to use the New City Moving Mark in connection with the sale, offering for sale, distribution and advertising of its services. Thus, Defendant's willfully and deliberately infringed New City Moving's trademark rights.

68. Defendant intended for the consuming public to materially rely on and falsely conclude that there exists some affiliation, connection, or association between and among New City Moving and Defendant, when none in fact exists.

69. Defendant's acts have damaged, impaired, and diluted that part of New City Moving's goodwill and good name symbolized by the New City Moving Mark, which have developed great fame in the marketplace.

70. Defendant's unfair business practices are of a recurring nature and harmful to the consumers and the public at large, as well as to New City Moving. These practices constitute unlawful, unfair, fraudulent, and deceptive business practices, and unfair, deceptive, untrue and misleading advertising.

71. As a result of Defendant's acts, New City Moving has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial. Unless enjoined by this Court, Defendant will continue these acts, thereby causing New City Moving further immediate and irreparable damage.

WHEREFORE, New City Moving requests that relief be granted in its favor and against Defendant for:

(a) all damages sustained by New City Moving, including Defendant's profits, in an amount to be determined at trial;

(b) punitive damages;

(c) attorneys' fees and costs of this action, plus interest;

(d) a permanent injunction requiring Defendant to refrain from any use of the New City Moving Mark or any confusingly similar mark;

(e) immediate transfer of domain name: www.newcitymovingusa.com to New City Moving at no cost to New City Moving;

(f) Defendant to cease and desist from using the New City Moving Mark or any confusingly similar mark using the names: New City Moving USA, New City Movers, New City Moving, New City Moves, New City Moving & Storage, and any other iteration or combination of the words "New" and "City" in connection with any other moving company now in existence or that they attempt to establish in the future;

(g) disconnection of all Defendant's business related phone numbers and entry of an order transferring said phone numbers to New City Moving at no cost to New City Moving; and

(h) such other relief as the Court deems just and proper.

## COUNT VII

**COMMON LAW UNFAIR COMPETITION**

72. New City Moving realleges and incorporates by reference paragraphs 1 through 23 of this Complaint as paragraph 72 herein.

73. Defendant's use of the New City Moving Mark in connection with the sale, offering for sale, distribution and advertising of its services has caused, and will further cause, a likelihood of confusion, mistake and deception as to the source of origin of Defendant's services, and the relationship between New City Moving and Defendant.

74. Defendant has acted without authority, consent, or privilege with the intent to imitate or pass off its products as New City Moving's services that have received the sponsorship or approval of New City Moving, thereby trading on the goodwill established by New City Moving.

75. Defendant's conduct further creates the impression that New City Moving is responsible or accountable for the quality or performance of the services sold and offered for sale by Defendant.

76. Defendant's conduct also harms the value of the New City Moving Mark, which has been built by New City Moving's substantial expenditure of money, effort, and service.

77. Such conduct constitutes unfair competition under the common law of the State of Illinois.

78. Defendant's actions are intentional, malicious and willful, were conducted in bad faith and have caused substantial harm to New City Moving.

79. As a result of Defendant's acts, New City Moving has suffered and

continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial. Unless enjoined by this Court, Defendant will continue these acts, thereby causing New City Moving further immediate and irreparable damage.

WHEREFORE, New City Moving requests that relief be granted in its favor and against Defendant for:

(a) all damages sustained by New City Movers, including Defendant's profits, in an amount to be determined at trial;

(b) punitive damages;

(c) attorneys' fees and costs of this action, plus interest;

(d) a permanent injunction requiring Defendant to refrain from any use of the New City Moving Mark or any confusingly similar mark;

(e) immediate transfer of domain name: www.newcitymovingusa.com to New City Moving at no cost to New City Moving;

(f) both Defendant and any of Defendant's owners to cease and desist from using the New City Moving Mark or any confusingly similar mark using the name New City Moving USA, New City Moving, New City Moves, New City Moving & Storage, and any other iteration or combination of the words "New" and "City" in connection with any other moving company now in existence or that they attempt to establish in the future;

(g) disconnection of all phone numbers associated with Defendant and entry of an order transferring said phone numbers to New City Moving at no cost to New City Moving; and

(h) such other relief as the Court deems just and proper.

## JURY DEMAND

New City Moving hereby demands a trial by jury.

Dated: October 8, 2021

                                                Respectfully Submitted,

                                        By: /s/ Mason S. Cole
                                                Mason S. Cole

**COLE SADKIN, LLC**
Mason S. Cole
Dean J. Tatooles
1652 W. Belmont Ave., Suite 1
Chicago, IL 60657
colesadkin.com
(312) 548-8610
mcole@colesadkin.com
dtatooles@colesadkin.com
Counsel for Plaintiff
ARDC# 6307727
ARDC# 6267667